DECIDED JANUARY 17, 1995.

*Bauer & Deitch, George R. Ference,* for appellant.
*Lewis R. Slaton, District Attorney, Rebecca A. Keel, Henry M. Newkirk, Carole E. Wall, Assistant District Attorneys, Michael J. Bowers, Attorney General, Susan V. Boleyn, Senior Assistant Attorney General, Michael D. Groves, Assistant Attorney General,* for appellee.

S94Y1427, S94Y1431, S94Y1432, S94Y1433.
IN THE MATTER OF VERLIN SWEAT, JR.
(452 SE2d 106)

PER CURIAM.

Three clients filed grievances against Verlin Sweat, Jr. with the State Bar of Georgia. The clients generally alleged that Sweat, after being hired to perform as the closing attorney in real estate transactions, failed to adequately perform the closing, misrepresented that he had performed the title search, failed to timely pay the mortgage holders the monies due, and, in one instance, issued the client a counterfeit title insurance policy.

After an investigation, the Investigative Panel of the State Disciplinary Board directed the Office of General Counsel of the State Bar to file four Notices of Discipline imposing disbarment against Sweat. The Notices of Discipline summarily found that Sweat violated Standards 3 (engaging in illegal professional conduct involving moral turpitude), 4 (engaging in professional conduct involving dishonesty and fraud), 44 (abandoning a client matter), 45 (knowingly engaging in illegal conduct or conduct contrary to a disciplinary rule), 61 (failing to deliver funds to client), 63 (failing to render appropriate accounts to client regarding funds), 65 (failing to account for trust property held in a fiduciary capacity), and 68 (failing to respond to disciplinary authorities) of Bar Rule 4-102 (d). Sweat was personally served with the Notices and has failed to file Notices of Rejection.

After considering the records in these cases, we hereby order that Verlin Sweat, Jr. is disbarred from the practice of law in Georgia. He is reminded of his duties under Bar Rule 4-219 (c) to timely notify all clients of his inability to represent them, take all actions necessary to protect the interests of his clients, and certify to this Court that he has satisfied the requirements of such rule.

*Disbarred. All the Justices concur.*

DECIDED JANUARY 17, 1995.

*William P. Smith III, General Counsel State Bar, Paula J. Frederick, Deputy General Counsel State Bar,* for State Bar of Georgia.

S94A1442. MORTON v. BELL et al.
(452 SE2d 103)

CARLEY, Justice.

Appellant-plaintiff operates a funeral escort service in appellee-defendant City of Atlanta (City). When the City's motorcycle officers began using the City's motorcycles to provide their own private funeral escort services in competition with his service, appellant brought this mandamus action and asserted that this practice was in violation of the City's rules and regulations. The trial court denied appellant mandamus relief, holding that a City police officer who is "working outside employment, in uniform, is on duty, and as such is authorized to utilize a city vehicle." It is from this order that appellant appeals.

Private use of the City's vehicles is generally prohibited by § 5-4026 (a) of the City Code, which provides:

The use of any municipally owned vehicle by any official or employee of the city for any purpose other than the city's business is prohibited. These vehicles must be used solely and exclusively for municipal purposes.

Section 5-3041 (2) of the City Code does grant the Commissioner of Public Safety (Commissioner) authority to administer disciplinary action and to formulate operational rules "[n]otwithstanding anything *in this article* to the contrary. . . ." (Emphasis supplied.) However, § 5-3041 (2) is in the article entitled "Disciplinary Action," while § 5-4026 is in the article entitled "City of Atlanta Motor Transport Services Ordinance." Accordingly, the former provision does not authorize the Commissioner to disregard the proscriptive mandate of the latter provision.

The City Code also contains a general prohibition on the use of City "equipment" in outside employment. "Such employment shall not involve the use of . . . equipment of the city. Police uniforms shall not be considered equipment in the meaning of this rule." Atlanta City Code, Civil Service Rules and Regulations, Chap. XVI, Sec. 1 (7). That police *vehicles* are not specifically exempted from the definition of "equipment," while police *uniforms* are, invites application of